UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
PAUL EUGENE CHERGI,           :
                              :   Civil Action No. 12-1424 (PGS)
          Plaintiff,          :
                              :
     v.                       :   **M E M O R A N D U M**
                              :   **O R D E R**
STATE OF GEORGIA, et al.,     :
                              :
          Defendants.         :
_____:

    In this matter, Plaintiff seeks to file his complaint in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915. See Docket Entry No. 1. However, after reviewing the complaint, it appears that plaintiff has not set forth a clear plain statement of the cause of action.  See, Fed. R. Civ. P. 8.

    The complaint indicates that Plaintiff is a state inmate, convicted in 1995 (and confined since) in the State of Georgia. Plaintiff appears to allege that his DNA has been unduly stored for the last 17 years in a facility operated by the Georgia Bureau of Investigation ("GBI"), the "Forensic Science Division" (of, presumably, GBI), and "Merck Corporation" (presumably, Merck & Co., Inc., d/b/a Merck Sharp & Dohme, MSD, a pharmaceutical company) (collectively referred to as "Operators". Allegedly the Operators have been unduly "profiting financially" from use of Plaintiff's DNA, doing so in violation of Plaintiff's First Amendment rights. Id. at 1.  In light of these assertions, Plaintiff seeks injunctive

1

relief directing the Operators to "stop providing Plaintiff's DNA to medical companies," where according to Plaintiff, his DNA has been "cloned". In addition, Plaintiff seeks arbitration, but also requests a "speedy trial" with regard to his "malpractice" action against the Operators wherein Plaintiff seeks damages of up to $5 billion on this count.

It is difficult to assess the jurisdictional grounds for the suit. If diversity jurisdiction is alleged, Plaintiff's complaint is subject to dismissal, because Plaintiff and Defendant, Georgia Bureau of Investigation both hale from Georgia.

In addition, there are insufficient facts to determine whether a viable claim exists. That is, (1) the actions and relationship of the Operators are not sufficiently detailed to understand the first amendment right that is abridged; 2) this cause of action appears to have occurred years ago, and accordingly, timeliness issues arise; 3) the dual request for a speedy trial and to submit to arbitration are incongruous; 4) the role of Merck is unknown; 5) whether the governmental Operators are immune from suit under the Eleventh Amendment can not be determined; and 6) there are no facts alleging medical malpractice.

IT IS therefore on this 31st day of May, 2012,

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u> is denied, since Plaintiff's pleadings are insufficient; and it is further

2

ORDERED that the complaint is dismissed for lack of diversity jurisdiction and under Fed. R. Civ. P. Rule 8 for failure to plainly set forth a claim; and it is further

ORDERED that no transfer of the complaint to another federal district court shall be directed, since such transfer does not appear to be in the interests of justice; and it is further

ORDERED that Plaintiff may amend the Complaint within forty five days under the same docket number; and it is further

ORDERED that Plaintiff's application for appointment of pro bono counsel, see Docket Entry No. 2, is denied as moot; and it is

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular U.S. mail and close the file in this matter.

                                        *s/Peter G. Sheridan*
                                        **PETER G. SHERIDAN**
                                        **United States District Judge**

May 31, 2012