*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL EUGENE CHERGI,

    Plaintiff,

v.

STATE OF GEORGIA, et al.,

    Defendants.

Civil Action No. 12-1424 (PGS)

**MEMORANDUM OPINION**

THE COURT having issued a Memorandum Order on June 6, 2012 dismissing Plaintiff's complaint for lack of diversity jurisdiction and under Fed. R. Civ. P. Rule 8 for failure to plainly set forth a claim but allowing Plaintiff to file an amended complaint (ECF No. 4); and Plaintiff having filed said amended complaint (ECF No. 6); and

IT APPEARING that the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity; and it further appearing that the Supreme Court held that to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible [which] then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); and it further appearing that "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts," *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)); and

THE COURT finding that pursuant to § 1915(e), "a court may dismiss claims as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them," *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325–28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *Allen-Mensah v. O'Malley*, 2007 WL 412194 at *1 (3d Cir. Feb. 2, 2007) (affirming judgment dismissing complaint alleging that defendants experimented on plaintiff); and

THE COURT further finding that the Amended Complaint states that the Defendants are violating his Fourth Amendment rights by committing "malpractice" on his DNA and cloning children from said DNA, "resulting in death"; and the Court finding that the Amended Complaint further states that Defendant Merck, who is a resident of New Jersey, is violating his Fourth Amendment rights by "experimenting" with his DNA; and

THE COURT further finding that Plaintiff has raised nearly identical claims regarding "malpractice" and "experimentation" with his DNA in several previous cases, and each time the court has rejected said claims as frivolous, *see Chergi v. State of Georgia*, Civil Action No. 12-1027 (N. Ga. Aug. 20, 2013); *Chergi v. Verizon Commc'ns, Inc.*, Civil Action No. 11-166 (M.D. Ga. Dec. 14, 2011); *Chergi v. Verizon Commc'ns, Inc.*, Civil Action No. 12-10422 (11th Cir. Aug. 17, 2012); and

THE COURT further finding that as with his other previous cases alleging the same facts, the instant complaint is clearly baseless and will also be dismissed as frivolous; however, because

it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file a second amended complaint;[1] and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

Dated: 1/13/14

PETER G. SHERIDAN
United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*